UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

 *Plaintiff*,

v.           Case No.  SA-22-CV-00047-JKP

**ZARZAMORA HEALTHCARE LLC,
RITE AWAY PHARMACY &
MEDICAL SUPPLIES #2, JITENDRA
CHAUDHARY,**

 *Defendants*.

## CONSENT AGREEMENT AND FINAL JUDGMENT

  Plaintiff, the United States of America, has filed a civil action against defendants Zarzamora Healthcare LLC, Rite-Away Pharmacy & Medical Supply #2, ("Rite-Away #2") and Jitendra Chaudhary, (collectively "Defendants") seeking civil monetary penalties and injunctive relief for violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq. (the "CSA"). (ECF 1, 2). The United States and the Defendants filed a Motion for a Stipulated Preliminary Injunction during the pendency of this litigation; the Court subsequently issued an Order granting the Preliminary Injunction. (ECF 17, 18). Defendants filed an Answer denying the allegations of the Complaint. (ECF 20). Plaintiffs and Defendants (the "Parties") stipulate to the entry of this Consent Judgment and Permanent Injunction ("Order") to resolve the claims alleged in the Complaint.

**NOW, THEREFORE**, without adjudication or admission of the truth of any issue of fact or law, except as provided in Paragraphs 1 through 7, and with the consent of the Parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### Jurisdiction and Venue

1. This Court has subject-matter jurisdiction over this action pursuant to 21 U.S.C. §§ 842(c)(1)(A), 843(f)(2), and 882(a), as well as 28 U.S.C. §§ 1345 and 1355. For purposes of this Order, Defendants consent to this Court's jurisdiction over this Order and over Defendants.

2. Venue is proper in this Court pursuant to 21 U.S.C. §§ 842(c)(1)(A), 843(f)(2), 28 U.S.C. §§ 1391(b)(1) and (2), and 1395(a). For purposes of this Order, Defendants consent to venue in this judicial district.

3. The United States alleges that Defendants have violated the CSA and its implementing regulations by failing to maintain on a current basis a complete and accurate record of each substance manufactured, imported, received, sold, delivered, exported, or otherwise disposed of, as required under 21 C.F.R. § 1304.21(a), 21 U.S.C. § 827(a)(3), and in violation of 21 U.S.C. § 842(a)(5). The United States alleges that Defendants have violated the CSA and its implementing regulations by altering prescription records required to be kept pursuant to 21 U.S.C. §§ 827(b) and 1304.04(h)(2) and (4) and furnished those altered records to the United States in violation of 21 U.S.C. § 842(a)(5).

4. The United States alleges that Defendants have violated the CSA and its implementing regulations by failing to exercise their corresponding responsibility to ensure that the controlled substances they dispensed, helped dispense, or facilitated dispensing were issued for a legitimate medical purpose by a practitioner acting in the usual course of a practitioner's professional practice as required, see 21 C.F.R. § 1306.04, and by filling, helping fill or

facilitating the filling of a prescription for a controlled substance outside the usual course of the professional practice of pharmacy as required by 21 C.F.R. § 1306.06, in violation of 21 U.S.C. §§ 829(a) and (b), and 842(a)(1). The United States alleges that Defendants have violated the CSA and its implementing regulations by operating Rite-Away Pharmacy & Medical Supply #2 to unlawfully distribute controlled substances in violation of 21 U.S.C. § 856.

5. The United States alleges that Defendants have violated the CSA and its implementing regulations, and the United States may, based on the violations described in the Complaint, seek appropriate declaratory or injunctive relief relating to violations of 21 U.S.C. § 842 under 21 U.S.C. §§ 843(f)(1) and 882(a).

6. The Defendants denied and continue to deny the allegations set forth above. For purposes of this Order only, Defendants agree that the Complaint states claims upon which relief can be granted pursuant to the Controlled Substances Act, 21 U.S.C. §§ 827(a)(3) and 842(a)(5) as to Count I; 21 U.S.C. §§ 827(b) and 842(a)(5) as to Count II; and 21 U.S.C. §§ 829(a) and (b), and 842(a)(1) as to Counts III and IV.

7. The Parties recognize, and the Court by entry of this Order finds, that this Order has been negotiated by the Parties, and that this Order is fair, reasonable, and in the public interest.

**Civil Monetary Penalty**

8. The United States has conducted an analysis of the Defendants' financial condition based on the Defendants' sworn financial disclosures to the United States ("Financial Disclosures") and determined that the potential amount recoverable by the United States for the conduct alleged in the Complaint substantially exceeds the Defendants' ability to pay. The

Parties agree that the Civil Penalty Amount includes consideration of an analysis of Defendants' financial condition and ability to pay.

9. This Judgment is hereby entered by consent against Defendants, Zarzamora Healthcare LLC, d/b/a Rite-Away Pharmacy & Medical Supply #2, and Jitendra Chaudhary in the amount of $275,000 (the "Civil Penalty Amount"). The following shall apply to the Civil Penalty Amount:

   A. The total Civil Penalty Amount is $275,000, payable on the schedule set out below. All Defendants are jointly and severally liable for $95,000 of the total Civil Penalty Amount (the "Joint and Several Obligation"). The initial $35,000 payment and first three installment payments shall apply to the Joint and Several Obligation. The remaining $180,000 of the Civil Penalty Amount shall be the sole liability of Zarzamora Healthcare LLC d/b/a Rite-Away Pharmacy & Medical Supply #2 (the "Rite-Away Obligation").

   B. None of the Civil Penalty Amount is restitution.

   C. The Civil Penalty Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. 3001-08, and nothing in this Order precludes the United States from taking action to collect the debt as authorized by law. This debt is not dischargeable at bankruptcy by either Zarzamora Healthcare LLC d/b/a Rite-Away Pharmacy # Medical Supply #2 or Jitendra Chaudhary.

   D. The Civil Penalty Amount shall be paid pursuant to written instructions from the Office of the United States Attorney for the Western District of Texas under the following schedule:

    i. $35,000 paid no later than 60 days from the date of entry of this Order. ("Initial Payment").

    ii. $20,000 paid installments twice per calendar year over a period of six years. ("Remainder"). The first installment shall be paid no later than January 2024. There shall be no penalty to Defendants for pre-payment of an installment or for full payment of all remaining installments.

    iii. Interest shall be calculated on the Remainder from the Effective Date of the Agreement at a rate of 3% per annum, compounded monthly. Said interest shall be held in abeyance and not assessed against the Defendants so long as they remain compliant with the parameters described in paragraphs 9(A)-(D)(i-ii).

**Injunctive Provisions**

10. Upon entry of this Order, Defendant Zarzamora Healthcare LLC d/b/a Rite Away Pharmacy & Medical Supply #2 is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from directly or indirectly administering, dispensing, or distributing:

    a. any controlled substance earlier than two days prior to the completion of the intended duration of the previous fill;

    b. concurrent prescriptions of opioids and gabapentin to the same patient, regardless of whether the prescriptions are presented on the same day, unless the prescriptions are approved by the same prescriber and a documented treatment plan is on file with the pharmacy describing the basis for concurrent use of opioids and gabapentin;

    c. concurrent prescriptions of opioids and benzodiazepines to the same patient, regardless of whether the prescriptions are presented on the same day, unless the prescriptions are approved by the same prescriber and a documented treatment plan is

      on file with the pharmacy describing the basis for concurrent use of opioids and benzodiazepines;

      i. On any occasion where the pharmacy fills prescriptions for any patient where there is concurrent use of opioids and benzodiazepines, the pharmacy shall provide counseling to the patient regarding the FDA Boxed Warning on concomitant use and provide a written copy.

d. one or more opioid prescriptions to the same patient that together exceed 90 morphine milligram equivalents (MME) per day, except that Defendants are permitted to dispense in excess of 90 MMEs to patients who have current treatment plans on file indicating the medications are necessary for end-of-life palliative purposes;

e. more than one immediate-release opioid prescription to the same patient, except that Defendants are permitted to do so for patients who have current treatment plans on file indicating the medications are necessary for end-of-life palliative purposes;

f. more than one extended-release opioid prescription to the same patient, except that Defendants will be permitted to do so for patients who have current treatment plans on file indicating the medications are necessary for end-of-life palliative purposes;

g. oxycodone single-entity opioids in excess of 15mg;

h. any schedule II controlled substance to any patient paying in cash; cash equivalents; or otherwise out-of-pocket, except where the following conditions are met:

      i. Defendants have documented that a customer is not covered by any insurance plan or other third-party payor (i.e. worker's compensation) for prescription services; and

    ii. Defendants have documented whether a customer is covered by any insurance plan or third party for prescriber services (i.e. doctor office visits) and documented the form of payment for an office visit resulting in the issuance of a schedule II controlled substance prescription; and

    iii. Defendants have documented any deviation in price charged to a cash or out-of-pocket customer compared with average prices charged for prescriptions covered by insurance and counseled the patient if the patient could pay a lower amount if insured; and

    iv. Defendants referred any customers paying in cash, cash equivalents, or otherwise out-of-pocket to information regarding applicable state or federal programs offering health insurance coverage; or

    v. Defendants have documented the manner in which complying with this provision would create undue hardship for the patient, or Defendants obtain separate, written approval from the prescribing physician to fill the prescription in exchange for cash or cash equivalents;

i. immediate release opioids for greater than 90 days unless Defendants first obtain from the prescribing physician a written treatment plan;

j. methadone in combination with other opioids unless Defendants first obtain from the prescribing physician a written treatment plan;

k. opioids to any person unless Defendants first obtain from the prescribing physician a written treatment plan;

l.  controlled substances from multiple prescribers, unless the pharmacy first obtains written documentation from each prescriber acknowledging treatment with controlled substances by any other prescribers;

m. prescriptions totaling greater than 60 MMEs per day, unless the pharmacy first provides counseling by the pharmacist-in-charge on the risk of overdose and the pharmacy has offered naloxone;

   i.  As to patient counseling, Defendants will maintain a handwritten logbook to contain any such patient's name, date of birth, address, telephone number, date of counseling, and signed acknowledgment of receipt of said counseling by the patient, the pharmacist-in charge, and one additional Rite-Away #2 employee as witness.

n.  prescriptions for any patient that would result in a patient receiving the following combinations of drugs, unless the Defendants first have contacted the prescribing practitioner and received verbal confirmation of the prescriptions' issuance and diagnoses supporting the treatment plan or a written, signed explanation of the purpose of the prescriptions from the prescribing practitioner, and contacted the prescribing practitioner and received verbal confirmation of the prescriptions' issuance and diagnoses supporting the treatment plan or a written, signed explanation of the purpose of the prescriptions from the prescribing practitioner:

   i.  a combination of opioids and gabapentin, pregabalin, or topiramate;

   ii. a combination of both a musculoskeletal agent and an opiate; or

   iii. a combination of both an opiate and one or more opiate potentiators.

11. For purposes of this Order, the terms "administer," "controlled substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

12. Defendants agree to a monitoring period of five (5) years (the "Monitoring Period") from the date of entry of this Order.

13. During the pendency of the Monitoring Period, employees of the Drug Enforcement Administration ("DEA") may enter and inspect controlled substance ordering and dispensing records at Rite-Away #2 including but not limited to electronic and hard copy prescriptions, inventories, theft and loss reports, physician treatment plans, and patient counseling logs. The inspection authority granted by this Order is separate and apart from, and in addition to, the authority to conduct inspections under 21 U.S.C. § 880.

14. During the pendency of the Monitoring Period, Defendants shall conduct periodic comprehensive reviews of Rite-Away's dispensing of controlled substances and compliance with the Controlled Substances Act and its implementing regulations. More specifically, Defendants shall:

   a. Conduct, within six (6) months from the date of this Order and not less than once every six (6) months thereafter for two years during the Monitoring Period, followed by annually on the anniversary of entry of this Order for the remainder of the Monitoring Period, a comprehensive review of Defendants' dispensing records, including reviewing electronic prescription data and patient profiles, hardcopy prescriptions, treatment plans and correspondence with prescribers, and Defendants' notes regarding the resolution of indicators of diversion, and responses to any questions or clarifications posed by the Defendants to any prescribing provider, as necessary;

    b. Prepare within one month of each comprehensive review a written Certification Report that identifies (1) any prescription filled by Defendants that was not issued for a legitimate medical purpose in the usual course of professional practice, in violation of their corresponding responsibility under 21 C.F.R. § 1306.04(a); (2) any prescription filled outside the usual course of the professional practice of pharmacy, in violation of 21 C.F.R. § 1306.06; (3) any prescription in violation of the permanent injunction terms contained in Paragraph 10 of this Order; (4) a list of all materials reviewed in producing each Certification Report; and (5) any deficiencies in the Defendants' recordkeeping program that would prevent a comprehensive review of every controlled substance dispensed by Defendants;

    c. Deliver each Certification Report to the Drug Enforcement Administration, San Antonio District Office; by e-mail, courier service or overnight delivery service.

    15.    Defendants shall maintain all Certification Reports and all of their underlying materials and data in separate files at Rite-Away #2 and shall promptly make the Certification Reports and underlying data and materials available to the DEA upon request.

    16.    Upon entry of this Order, pursuant to 21 U.S.C. §§ 843(f)(1) and 882(a), Jitendra Chaudhary is permanently restrained and enjoined from falsifying or directing any person to falsify any records required to be kept by the Controlled Substances Act and the federal regulations promulgated thereunder.

    17.    For a period of seven years from the date of entry of this Order, Jitendra Chaudhary is hereby restrained and enjoined from serving as a pharmacist-in-charge at any pharmacy other than Rite-Away #2. At any time during which Jitendra Chaudhary serves as

pharmacist-in-charge of Rite-Away #2, he must ensure that the pharmacy complies with the provisions of paragraphs 10(a)-(n) above.

18.   If, at any time after entry of this decree, the DEA determines that any of the Defendants have failed to comply with any provision of this decree, DEA may, as and when it deems necessary, notify any or all of the Defendants in writing of the noncompliance and order Defendants to take corrective action, including, but not limited to, ordering Defendants to immediately cease ordering, distributing, or dispensing controlled substances. This remedy shall be separate and apart from, and in addition to, any other remedy available to the United States under this decree or under the law, including additional civil monetary penalties.

19.   The following process and procedures apply when the DEA issues an order under the preceding paragraph:

   a. Defendants will implement the corrective action ordered by DEA without delay;

   b. For any order calling on Defendants to cease ordering, distributing, or dispensing controlled substances, any and all DEA registrations under which Defendants have been operating or that Defendants otherwise maintain shall be deemed to have been surrendered for cause and Defendants will permit DEA immediate access to the Defendant pharmacy premise and permit DEA to seize all controlled substances and controlled substance order forms.

20.   If any Defendant notifies DEA that he, she or it does not agree with any DEA order under the prior two paragraphs of this order, DEA will review Defendant's notification and within 30 days thereafter, in writing, affirm, modify or withdraw its order, as DEA deems appropriate. If DEA affirms or modifies its order, it will explain the basis for its decision in writing. This written notification shall constitute final agency action.

a. If DEA affirms or modifies its order, Defendants may within 28 calendar days seek judicial review of the DEA's order in this Court. Defendants shall continue to diligently implement DEA's order while judicial review is pending unless and until the Court or any higher court reverses, stays or modifies DEA's order.

b. All decisions conferred upon DEA in this Decree shall be vested in DEA's discretion and, to the extent that these decisions are subject to review, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any DEA decision rendered pursuant to this decree shall be based exclusively on the written record before DEA at the time the decision was made. No discovery shall be taken by any party.

21. If DEA orders any Defendant to cease ordering, distributing, or dispensing controlled substances under this decree, and that order is not otherwise reversed, then such Defendant shall be prohibited from seeking any further DEA registration, and any application for registration or subsequent registration issued shall be deemed null and void.

22. Subject to any and all constitutional rights, Defendant agrees to fully cooperate in any civil investigation conducted by the United States.

23. In the event of any sale or change of ownership of Rite-Away #2, the Defendants agree that Rite-Away #2 will immediately cease business altogether with respect to controlled substances and that DEA shall by authorized to terminate the Certificate of Registration held by Rite-Away #2 under 21 C.F.R § 1301.52; and Jitendra Chaudhary will remain enjoined from being employed as a pharmacist-in-charge for any other pharmacy for the time period provided for herein.

24. In the event of sale of Zarzamora Healthcare LLC or Rite-Away #2, Defendants agree that the remainder of any outstanding balance for the Civil Penalty Amount shall be due and paid to the United States within 45 days of completion of the sale, subject to the provisions of paragraph 9.

25. Defendants provided sworn financial disclosures and supporting documents (together, "Financial Disclosures") to the United States, and the United States has relied on the accuracy and completeness of those Financial Disclosures in reaching this agreement and the Civil Penalty Amount. Defendants warrant that the Financial Disclosures are complete, accurate, and current as of the date they signed this Consent Judgment. If the United States learns of asset(s) in which the Defendants had an interest of any kind as of the date they signed this Consent Judgment (including, but not limited to, promises by insurers or other third parties to satisfy Defendants' obligations under this agreement) that were not disclosed in the Financial Disclosures, or if the United States learns of any false statement or misrepresentation by Defendants on, or in connection with, the Financial Disclosures, and if such nondisclosure, false statement, or misrepresentation changes the estimated net worth set forth in the Financial Disclosures by $100,000 or more, the United States may collect the full Civil Penalty Amount in accordance with the Order plus one hundred percent (100%) of the net value of the Defendants' previously undisclosed assets up to a maximum value of $300,000. If such a nondisclosure or misrepresentation is established, Defendants agree not to contest any subsequent collection action undertaken by the United States pursuant to this provision and further agree that they will immediately pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected in the collection action, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action.

26. In the event that any Defendant fails to satisfy their obligation to pay the full Civil Penalty Amount as provided in the payment schedule set forth in Paragraph 9(A)-(D) above, the defaulting Defendants shall be in Default of their payment obligations ("Default"). This Default will trigger assessment of the interest calculated in Paragraph 9(D)(iii) against the Defaulting Defendant(s) since the date of this Order. The United States will provide a written Notice of Default, and the Defendant(s) shall have an opportunity to cure such Default within fourteen (14) calendar days from the date of receipt of the Notice of Default by making the payment due under the payment schedule and paying the interest calculated in Paragraph 1(B) up to the date of payment. Notice of Default will be delivered to Zarzamora Healthcare LLC d/b/a Rite Away Pharmacy & Medical Supply #2 at 2716 SW Military Drive #102 San Antonio, Texas 78224; Nikhil Joshi, Registered Agent for Zarzamora Healthcare LLC d/b/a Rite Away Pharmacy & Medical Supply #2 at 13220 Murphy Rd Stafford, Texas 77477; and Jitendra Chaudhary at 2716 SW Military Drive #102 San Antonio, Texas 78224, or to such other representative as the Defendants shall designate in advance in writing. The written notice shall be sent via certified mail and the green return receipt card showing delivery to the Defendants' address and the Registered Agent's address (or that of the designated representative) shall constitute sufficient proof of receipt by the Defendants, regardless of whether Mr. Chaudhary or the Registered Agent personally signs for the certified mailing. A copy of the written notice of default will also be sent to Jason Davis and Jay Hulings of Davis & Santos, PLLC, 719 S. Flores Street San Antonio, Texas 78204, identified legal counsel for Defendants. In the event Defendants undergoes a change of address in the interim period between the date of entry of this Order and the date by which final payment is due, the Defendants are required to notify the United States within 5 days of the change of address to ensure timely notification of any Default. In the event the Defendants

undergo a change of Registered Agent and/or change of address for the Registered Agent, the Defendants shall provide the United States with a copy of the filed notice of change of Registered Agent/Address within 3 days of the change of address to ensure timely notification of any default.

    a. If the Defaulting Defendant(s) fail to cure the Default within fourteen (14) calendar days of receiving the Notice of Default and in the absence of an agreement with the United States to a modified payment schedule ("Uncured Default"), the remaining unpaid balance of the Civil Penalty Amount shall become immediately due and payable, and interest on the remaining unpaid balance shall thereafter accrue at the rate of 12% per annum, compounded daily from the date of Default, on the remaining unpaid total (principal and interest balance).

    b. In the event of Uncured Default, Defendants agree that the United States, at its sole discretion, may (i) retain any payments previously made (ii) take any action to enforce this Consent Judgement in a new action; (iii) exercise any other right granted by law, or under the terms of this Consent Judgement, or recognizable at common law or in equity. The United States shall be entitled to any other rights granted by law or in equity by reason of Default, including referral of this matter for private collection. In the event the United States pursues a collection action, the Defaulting Defendant(s) agree immediately to pay the United States a ten-percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a).

27. Defendants' obligations pursuant to this Order shall be in addition to, and not in derogation of, all requirements imposed upon Defendants pursuant to all applicable federal, state,

and local laws, including without limitation the requirements set forth in Title 21 of the United States Code and the regulations promulgated thereunder.

28. Defendants shall notify the United States Attorney's Office for the Western District of Texas; the Civil Division, Consumer Protection Branch; and the Drug Enforcement Administration San Antonio District Office, Diversion Group Supervisor in writing at least fifteen (15) business days before any change in ownership, name, or character of its business that occurs after entry of this Order, including an incorporation, reorganization, creation of a subsidiary, relocation, dissolution, bankruptcy, assignment, sale, or any other change in the structure or identity of either Zarzamora Healthcare LLC or Rite-Away #2. Defendants shall provide a copy of this Order to any potential successor or assignee at least fifteen (15) business days prior to any sale or assignment. Defendants shall provide the United States Attorney's Office for the Western District of Texas; the Civil Division, Consumer Protection Branch, and the Drug Enforcement Administration, San Antonio District Office, Diversion Group Supervisor with an affidavit of compliance with this paragraph no later than fifteen (15) business days prior to such assignment or change in ownership.

29. All notifications, correspondence, and communications required to be sent to the Government by the terms of this Order shall be addressed to the Drug Enforcement Administration, San Antonio San Antonio District Office, 5555 Northwest Parkway Suite 101 San Antonio, Texas 78249, attn: Diversion Group Supervisor; United States Attorney's Office for the Western District of Texas, 601 NW Loop 410 Suite 600 San Antonio, Texas 78216, attn: ACE Deputy Chief; and Civil Division, Consumer Protection Branch, 450 5th Street, NW, Washington, DC 20001, attn: Opioid Coordinator. All communications shall reference the case name and civil action number.

30. The parties may, at any time, agree to reasonably extend any deadline provided in this order without seeking leave of the Court. Any such agreement shall not become effective unless and until such agreement is set out in writing and signed by counsel for both sides.

31. This Order resolves only those claims set forth in the Complaint and does not bar any other civil, criminal, or administrative claims that the United States may have or bring against Defendants.

32. In any criminal prosecution or administrative action that may be brought by the United States against Defendants relating to the conduct alleged in the Complaint, Defendants waive and shall not assert any defense based in whole or in part on a contention that such prosecution or action is barred under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution.

33. Should Plaintiff bring, and prevail in, a contempt action to enforce the terms of this Order (excluding the terms and provisions of Paragraphs 25 and 26), the Defendant or Defendants in contempt shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees and costs, travel expenses incurred by attorneys and witnesses, and court costs relating to such contempt proceedings.

34. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Order and the Defendants' costs associated with the independent third-party pharmacy consultant.

35. Defendants represent that they freely and voluntarily enter into this Order without any degree of duress or compulsion.

36. Counsel for the parties represent and warrant that they are fully authorized to execute this Order on behalf of the persons and entities they represent.

37.     This Order states the complete understanding and agreement of the parties as to the Complaint and shall be interpreted by the Court within its four corners, without consideration of any alleged collateral agreements. Any changes or modifications to the Order must be in writing and signed by all parties and entered by the Court, with the exception of any extension granted in writing pursuant to Paragraph 23.

38.     This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

39.     If any deadline in this Order falls on a weekend or federal holiday, the deadline is continued until the next business day.

40.     The Clerk is directed to **CLOSE THIS CASE**.

It is so ORDERED.
SIGNED this 10th day of October, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE